WEED, plaintiff in error, v. PEOPLE.

*Evidence — abortion — Charge to jury.*

In a trial for procuring an abortion resulting in death, it was shown that the prisoner had administered medicines to deceased which might produce miscarriage, and that a miscarriage was produced, whereby she died. *Held,* that a circular published by prisoner three years previously, tending to show that he was engaged in the business of consulting in reference to the procuring of abortions, was admissible in behalf of the prosecution.

Such evidence is not analogous to evidence of the commission of other similar offenses, but directly bears upon the question whether the prisoner was guilty of unlawfully procuring an abortion.

The court below charged that, if the jury "found an abortion had been committed upon her" (deceased), " or an attempt at it made, and that the defendant was connected with it, and that the death resulted therefrom, they must convict." *Held,* not error.

ERROR to the Schenectady sessions to review the trial and conviction of Thomas A. Weed. The prisoner was indicted for procuring an abortion upon one Catharine Ryan, on the 22d day of April, 1873, at the city of Schenectady, whereby her death was caused, and was tried at the Schenectady sessions in November, 1873. There was evidence to show that medicine had been administered by the prisoner to the deceased which might produce a miscarriage, and that a miscarriage was produced, and that she died by reason thereof.

Among the evidence offered on the part of the prosecution was a circular issued by the defendant two or three years previously, the material part of which is as follows:

"Dr. Weed's female regulator: Married ladies should not take it. For reference, apply at his office. Office hours from 8 to 11 A. M., and from 1 to 5 P. M.

"A CARD. — Dr. Weed would respectfully announce to the ladies of Schenectady and vicinity that he is at all times ready and happy to have a social consultation upon all matters relating to pregnancy or confinement, or in regard to the lawful production of a premature birth, which, in all proper cases, he will produce in a skillful manner, guarantee an easy time and a speedy recovery. For the information of all, I insert the statute in reference to the unlawful production of premature birth, which is as follows, to wit:

"Every woman who shall solicit of any person any medicine, drug or substance, or any thing whatever, and shall take the same, or shall submit to any operation or other means whatever, with intent thereby to procure a miscarriage, shall be deemed guilty of a misdemeanor, and shall, upon conviction, be punished by imprisonment in the county jail not less than three months nor more than one year, or by a fine not exceeding one thousand dollars, or by both such fine and imprisonment. 2 R. S. 694, § 21."

" It is a well-settled rule of law, that a person cannot be compelled, under any circumstances, to answer a question, where the answer would convict or tend to convict the person of a crime. Ladies, your secrets are with yourselves, and yourselves alone, whether in the street, at your homes, or as a witness, and you need answer no question, when the answer would in any way tend to harm you, as stated above, or to make you liable under this statute to a criminal action. And, ladies, should you ever require legal assistance in any of these matters, of course, employ such counsel as you think proper; but, if you are not pecuniarily able, or too delicate to act in the matter, notify me, and I will protect you at my own expense.

"DR. WEED,
"71 State street,
"Schenectady, N. Y."

Defendant's counsel objected to the admission of this circular, as being incompetent, irrelevant and immaterial; as not shown to have been brought to the knowledge of the deceased;· because defendant's character was not at issue, and as too remote and not part of the res gestæ. The evidence was admitted and defendant excepted.

Other exceptions were taken upon the trial which are stated and discussed in the opinion.

The jury found the prisoner guilty, and he was sentenced to imprisonment in the State prison, and the prisoner's counsel sued out a writ of error which was allowed by a justice of this court, with a stay of proceedings.

*E. W. Paige,* for plaintiff in error.

*A. A. Yates,* district attorney, for the people.

MILLER, P. J. It is insisted that the court erred upon the trial in admitting a circular published by the prisoner two or three years previously, which circular tended to show that the prisoner was engaged in the business and practice of consulting in reference to the procuring of abortions. The prosecution had already introduced evidence which it was claimed established the commission of the offense charged in the indictment, and the proof showed that the treatment of the person upon whom the alleged abortion was procured was of so severe a character that it might well have procured it. The circular was, I think, competent as a declaration of the prisoner that he made a specialty of this business, and was versed and skilled in regard to it. It corroborated the proof introduced upon the trial, and was a statement of himself to the effect that he made it part of his business to attend to cases of this kind. With evidence that an abortion had been procured while the deceased was under the prisoner's charge, his own advertisement that he was ready to perform operations of such a character certainly tended to strengthen the testimony already introduced, and was clearly admissible.

It was not analogous to evidence of the commission of other similar offenses, as the passing of other counterfeit money, than that charged in the indictment, to show the intent, but evidence directly bearing upon the question whether the prisoner was guilty of unlawfully procuring an abortion, and not in the pursuit of the ordinary and legitimate business of a medical practitioner in attending and prescribing for the deceased. But it was also competent to show the intent where the act itself might otherwise be lawful under the statute, for a violation of which the prisoner was indicted.

The exception to that portion of the charge of the judge, " that if they found an abortion had been committed upon her " (the deceased), " or an attempt at it made, and that the defendant was connected with it, and that the death resulted therefrom, they must convict," was not, I think, well taken.

It is claimed that the statute requires an affirmative act, and the charge only demands a " connection," and omits the qualification of the statute that the miscarriage must not have been necessary to

preserve the life of the mother or the child. The charge of the judge must be considered in connection with the surrounding circumstances and as referring to a case where the abortion had been procured in violation of the statute, as was charged and claimed to have been proven. He intended in his charge to embrace and cover only an unlawful abortion, and the connection of the defendant with such a violation of law, and not a miscarriage which may have been authorized by the statute. This was the offense charged and attempted to be proved and nothing else; and if the language employed may, by possibility, have borne a different construction, the counsel of the prisoner should have asked the judge to charge more specifically. As he failed to do this, and as the fair interpretation of the charge to which the exception was taken, will not reasonably bear the construction claimed, there was no error in this respect.

It is also urged that the judge erred in refusing to charge that the jury could not convict of manslaughter under the first, third or fifth counts in the indictment, because neither of those charged the death of the mother or that of the child. The indictment contains but three counts, and in each of these the death of the mother is charged directly and distinctly. It is, I think, an erroneous construction of the indictment to claim that the first part of the first, second and third counts is each a count of itself, instead of being a portion of a count, and a statement of a portion of the acts done which constituted the offense preliminary to the concluding portion in which the death of the mother is charged. It follows that there was no error in this respect.

No other points are urged in favor of a reversal of the proceedings, and as there was no error the judgment and conviction must be affirmed, and proceedings remitted to Schenectady sessions with directions to proceed and sentence the prisoner.